**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **JOHN GILCHRIST AND MARY GILCHRIST** | **CASE NO. 09-52235** |
| **DEBTORS** | |
| **JOHN GILCHRIST AND MARY GILCHRIST** | **PLAINTIFFS** |
| **VS:** | **ADV. NO. 10-05005** |
| **UNITED BANK & TRUST COMPANY** | **DEFENDANTS/THIRD PARTY PLAINTIFF** |
| **VS:** | |
| **BANK OF AMERICA** | **THIRD PARTY DEFENDANT** |

**MEMORANDUM OPINION**

The primary issue before the Court on the parties' cross-motions for summary judgment is whether the Debtors' claimed homestead exemption on their Garrard County residence is impaired by the Defendant United Bank's judgment lien, thus allowing the Debtors to avoid United Bank's judgment lien pursuant to 11 U.S.C. § 522(f). An essential part of this analysis is the issue of whether Bank of America's mortgage on the Debtors' residence is valid where only Mary Gilchrist is listed as a "Borrower" in the mortgage that encumbers property deeded solely to John Gilchrist.

1

Because Bank of America's mortgage is not valid as to John Gilchrist, but valid as to Mary Gilchrist, who has a present dower interest in the property, Bank of America's mortgage lien must be considered in the section 522(f) analysis and United Bank's judgment lien therefore impairs the Debtors' homestead exemptions. Thus, United Bank's judgment lien is avoided pursuant to 11 U.S.C. § 522(f).

## Factual and Procedural History

The parties have stipulated to the following undisputed facts [Doc. 31]. On July 7, 1995, the Debtor John Gilchrist purchased two lots in Rocky Fork Estates in Garrard County, Kentucky. Mr. Gilchrist sold one of the lots in 2004. He kept the other and later built his current home on that lot. John Gilchrist is listed as the only owner on the deed to that property.

On October 18, 1996, John Gilchrist married the Co-Debtor Mary Gilchrist at the residence. The Debtors have resided in the residence since that time.

On or about September 29, 2006, Mary Gilchrist executed a promissory note in favor of a predecessor in interest to the Defendant Bank of America in the principal amount of $256,000.00. In the definition section of the Mortgage securing the Bank of America loan, the "Borrower" is defined only as Mary Gilchrist - the name of John Gilchrist does not appear. Both John and Mary Gilchrist initialed the bottom right hand corner of all pages except three of the Mortgage.

Mary Gilchrist affixed her signature on a line directly above her typewritten name and the word "Borrower." John Gilchrist also affixed his signature on the Mortgage on a line above the word "Borrower." The signatures of Mary and John Gilchrist were authenticated by a notary public, whose acknowledgment follows immediately after the

signature block and specifically certifies that Mary and John Gilchrist each appeared and signed the Mortgage.

John Gilchrist did not execute the Note secured by the Mortgage. Section 13 of the Mortgage specifically provides "...any Borrower who co-signs this Security Instrument but does not execute the Note (a co-signor): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent."

The Mortgage was properly recorded on December 6, 2006 in the Garrard County Clerk's Office.

On January 11, 2008, the Mortgage was assigned to Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender, and an Assignment was properly recorded in the Garrard County Clerk's office. Countrywide Home Loans was later acquired by Bank of America.

On January 10, 2008, United Bank obtained a judgment against the Debtors and others in litigation involving unrelated real property in Jessamine Circuit Court, Case No. 07-CI-1009, for approximately $470,000.00. Despite foreclosing on the unrelated real property, United Bank is still owed approximately $150,000.00.

On October 11, 2008, United Bank recorded a Notice of Judgment lien on Real Estate pursuant to K.R.S. § 426.070 in the Garrard County Clerk's Office, with the

intention to encumber any real estate in Garrard County owned by the Debtors, including the Residence. On March 6, 2009, United Bank filed an action in Garrard Circuit Court to foreclose on its judgment lien.

On July 16, 2009, the Gilchrists filed Chapter 7 bankruptcy, or Case No. 09-52235. On Schedule A of the Petition, the Debtors listed their residence located at 475 Ron Clar Road, Lancaster, Garrard County, Kentucky, as having a fair market value of $215,000.00. On Schedule C of the Petition, the Debtors indicated that they intended to claim an exemption in the residence pursuant to 11 U.S.C. § 522(d)(1). On Schedule D of the Petition, the Gilchrists also listed Bank of America as a secured creditor holding a first mortgage lien on the residence, with a claim in the amount of $228,000.00. The Gilchrists listed United Bank as a secured creditor holding a second position judgment lien on the residence, with a claim in the amount of $150,000.00.

On January 15, 2010, the Debtors filed this Adversary Proceeding to avoid United Bank's judgment lien pursuant to 11 U.S.C. § 522(f). United Bank timely filed an Answer and claimed that Bank of America's Mortgage was improperly executed and United Bank's judgment lien therefore has priority on the residence.

On March 2, 2010, United Bank filed a Third Party Complaint against Bank of America asserting that Bank of America's recorded Mortgage is invalid and United Bank has priority. Bank of America answered the Complaint by denying United Bank's claims and asserting that it holds a valid first lien on the Residence.

The parties filed cross-motions for summary judgment. Following briefing and a hearing on the parties' motions for summary judgment, the Court ordered the parties to submit a briefing schedule on the issue of Mary Gilchrist's present dower interest in the

residence [Doc. 41]. The parties declined to do so and stipulated that the dower issue had no bearing on the relief requested. The parties further agreed to submit the matter on the record for decision by this Court [Doc. 43].

On November 19, 2010, the Court ordered the Debtors to supplement the record with the Debtors' ages and an affidavit by the Co-Debtor Mary Gilchrist that states whether she is or is not waiving her dower interest in the Residence [Doc. 45]. Mary Gilchrist then timely filed an affidavit in the record stating that she does not waive any rights she may have in the residence, including her dower interest, and further stating the Debtors intend to file an Amendment to Schedule C to claim their homestead exemptions in accordance with their interests [Doc. 46]. The Debtors then amended Schedule C of the Petition to reflect John Gilchrist's fee simple interest and exemption pursuant to 11 U.S.C. § 522(d)(1) in the amount of $10,075.00 and Mary Gilchrist's dower interest and homestead exemption in the same amounts. The Debtors did not amend the current value of the property, or $215,000.00.

Upon further Order of the Court [Doc. 48], the Debtors again supplemented the record with a memorandum [Doc. 49] setting forth the basis of valuing Mary Gilchrist's dower interest. The Debtors valued Mary Gilchrist's present dower interest as $14,648.60.

## Conclusions of Law

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b).

The Debtors argue that United Bank's judgment lien of $150,000.00, when considered in light of Bank of America's mortgage lien on the property of $228,000.00,

5

impairs their homestead exemptions totaling $20,150.00 pursuant to 11 U.S.C. § 522(f) and thus may be avoided. United Bank counters that the Debtors' exemptions are not impaired because Bank of America's lien is not valid and should not be considered part of the section 522(f) equation.

    11 U.S.C. § 522(f) states, in relevant part,

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>> (A) a judicial line, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or
>> (B) a nonpossessory, nonpurchase-money security interest...
>
> ....
>
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>> (I) the lien;
>> (ii) all other liens on the property; and
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(1).

    According to the Debtors, the sum of (1) United Bank's judgment lien ($150,000.00); (2) all other liens on the property, or Bank of America's mortgage lien ($228,000.00); and (3) the Debtors' exemptions (collectively $20,150.00), a total of $385,150.00, exceeds the value of the Debtors' interest in the property absent any liens, or $215,000.00, thus impairing their homestead exemptions. On the contrary, United Bank argues that Bank of America's lien is not valid and thus cannot be considered part of the section 522(f) equation. If Bank of America's lien is not valid, then the sum of (1)

United Bank's judgment lien ($150,000.00); (2) all other liens on the property ($0); and (3) the Debtors' exemptions (collectively $20,150.00), a total of $170,150.00, does not exceed the value of the Debtors' $215,000.00 interest in the property absent any liens. Therefore, under this scenario, the Debtors' exemptions would not be impaired and the judgment lien could not be avoided. Thus, the section 522(f) analysis turns on whether Bank of America's Mortgage is valid.

United Bank asserts that Bank of America's mortgage as to John Gilchrist is invalid because John Gilchrist is not sufficiently identified and incorporated into the mortgage as a borrower. Thus, if Bank of America's mortgage as to John Gilchrist is invalid, and John Gilchrist is the only owner of the property, then Bank of America has no valid lien against the residence.

Pursuant to *Schlarman v. Chase Home Finance, LLC (In re Padgitt)*, 2008 Bankr. LEXIS 3063 (Bankr. E.D. Ky. September 11, 2008), Bank of America's mortgage is not valid as to John Gilchrist. The facts of *Padgitt* mirror those asserted herein. In both cases, the mortgage defined the "Borrower" as one spouse but not the other. In *Padgitt* and in this matter, both the husband and wife executed and acknowledged the mortgage. The debtors in *Padgitt* initialed every page and the Gilchrists initialed all but three pages of the mortgage. Finally, in both situations the mortgage at issue included the language that provides "...any Borrower who co-signs this Security Instrument but does not execute the Note (a co-signor): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree

7

to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent."

In *Padgitt*, this Court held the creditor's lien does not encumber the interest of the debtor wife as there is nothing in the body of the mortgage that sufficiently identifies the debtor wife as a grantor of the mortgage and the mortgage is silent as to the reason for execution. The same holding applies here as to John Gilchrist.

Although John Gilchrist is not subject to Bank of America's mortgage, Bank of America's mortgage is not invalid as against the residence. Mary Gilchrist, while not a deeded owner of the property, does have a present dower interest valued at $14,648.60. The parties do not dispute that Mary Gilchrist is properly identified as a "Borrower." Therefore, Bank of America's mortgage is valid as against Mary Gilchrist's interest.

Because Bank of America's mortgage is still valid as to Mary Gilchrist's dower interest, Bank of America's lien must be considered in the section 522(f) analysis. The sum of (1) United Bank's judgment lien ($150,000.00); (2) all other liens on the property, or Bank of America's lien ($228,000.00); and (3) the Debtors' exemptions (collectively $20,150.00), a total of $385,150.00, exceeds the value of the Debtors' interest in the property absent any liens, or $215,000.00. Because United Bank's judgment lien of $150,000.00 impairs the Debtors' exemptions, the judgment lien is avoided pursuant to 11 U.S.C. § 522(f).

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. A separate order shall be entered accordingly.

Copies to:

W. Thomas Bunch II, Esq.

Ellen Arvin Kennedy, Esq.

Valorie Smith, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Friday, December 17, 2010
(jms)**