UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JOHN GILCHRIST
AND MARY GILCHRIST

CASE NO. 09-52235

DEBTORS

JOHN GILCHRIST
AND MARY GILCHRIST                               PLAINTIFFS

VS:                                              ADV. NO. 10-05005

UNITED BANK & TRUST
COMPANY                                          DEFENDANTS/THIRD
                                                 PARTY PLAINTIFF

VS:

BANK OF AMERICA                                  THIRD PARTY DEFENDANT

## MEMORANDUM OPINION

On January 25, 2012, the District Court reversed this Court's ruling that the Defendant Bank of America's Mortgage was invalid as to the Debtor John Gilchrist and remanded the matter to this Court to apply the calculation pursuant to 11 U.S.C. §522(f) in a manner consistent with the District Court's ruling [Doc. 85]. Shortly thereafter, the Plaintiff Debtors John and Mary Gilchrist filed a Renewed Motion for Summary Judgment [Doc. 86] seeking a judgment that because John Gilchrist is bound by the Defendant Bank of America's Mortgage, there is no equity for the judgment lien of the Defendant United Bank to attach, and the Defendant United Bank's judgment lien should be properly avoided pursuant to §522(f). Neither the Defendant Bank of America nor United Bank responded to the Plaintiff's Renewed

1

Motion by the deadline ordered by the Court [Doc. 87].   The Court therefore took the matter under submission [Doc. 88] and it is now ripe for determination.   The Court having considered the arguments of counsel and the record, and being otherwise sufficiently advised, finds as follows:

The facts upon which this case is based have been thoroughly explained in the Court's prior memoranda [Docs.50 & 60] as well as the opinion of the District Court [Doc. 85].   Thus, the Court shall not reiterate those facts herein.   The only remaining task for this Court on remand by the District Court's Order and pursuant to the Plaintiffs' Renewed Motion for Summary Judgment is to determine whether the Plaintiff Debtors may avoid the Defendant United Bank's judgment lien of $150,000.00 pursuant to 11 U.S.C. §522(f).

Section 522(m) states that §522 "shall apply separately with respect to each debtor in a joint case."   11 U.S.C. §522(m).   The calculations as between the Plaintiff Debtors should therefore be applied separately based on their interest in the property at issue.

As to the Plaintiff Debtor John Gilchrist, §522(f) requires that the Court compare the sum of (1) the Defendant United Bank's judgment lien ($150,000); (2) all other liens on the property, or the Defendant Bank of America's lien ($228,000); and (3) John's exemption ($10,075), a total of $388,075, with the value of John's interest in the property absent any liens, or $215,000.   In doing so, it is clear the sum of these values greatly exceeds John's interest in the property absent any liens and that John's exemption of $10,075 is impaired by the Defendant United Bank's lien of $150,000.   Thus, the Defendant United Bank's judgment lien may be avoided as to John.

The §522(f) calculation to determine if the Plaintiff Debtor Mary Gilchrist's exemption is impaired is similar.   The sum of (1) the Defendant United Bank's judgment lien ($150,000); (2) all other liens on the property ($228,000); and (3) Mary's exemption ($10,075), a total of

$388,075, exceeds the value of Mary's interest in the property absent any liens, or $0.[1]  Thus, the Defendant United Bank's judicial lien does impair Mary's exemption and may be avoided pursuant to §522(f) as to Mary as well.

## Conclusion

In conformity with the foregoing, IT IS HEREBY ORDERED that the Plaintiffs' Renewed Motion for Summary Judgment shall be GRANTED and the Defendant United Bank's judgment lien of $150,000 shall be avoided pursuant to 11 U.S.C. §522(f).

Copies to:

Ellen Arvin Kennedy, Esq.

Elizabeth Thompson, Esq.

W. Thomas Bunch II, Esq.

---

[1] Mary's interest is assigned a value of $0 because this Court previously held Mary does not have an alienable property interest in the residence until John's death, only an inchoate dower interest [Doc. 60]. This ruling was unaffected by the District Court's Order [Doc. 85].

---

*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Thursday, March 29, 2012**
**(jms)**